In the Matter of WILLIAM M. MULDERIG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 17, 1992

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Etta M. Biloon* of counsel), for petitioner.

*William M. Mulderig,* Tallman, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with seven allegations of professional misconduct. The Special Referee found it "clear from the overwhelming evidence that respondent is guilty of all seven charges". The petitioner moves to confirm the report of the Special Referee and the respondent has submitted an affidavit in opposition thereto.

Charge One alleged that the respondent has been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). By judgment entered October 6, 1989, in the case of *Starr Foundation and the Bank of New York v William Mulderig,* the respondent was held in criminal contempt of court (an unclassified misdemeanor), based upon his willful disobedience of an order of the Surrogate's Court, Putnam County, dated February 19, 1988.

Charge Two alleged that the respondent has engaged in self-dealing. The respondent was the sole trustee of a trust which was funded in 1977. The widow was to receive 5% of the net fair market value of the trust assets to be paid from the income. Upon her death, the principal and income of the trust were to be paid to the Starr Foundation. The respondent administered the trust between 1977 and 1986 and caused annual accountings to be prepared. In 1985, the respondent made loans totaling $782,000 from the corpus of the trust to various individuals and companies. The loans to three of the individuals permitted them to invest the funds in a venture called Tallman Drilling (hereinafter Tallman), which had been formed by the respondent. Furthermore, the general partner in Tallman was a company in which the respondent was the sole stockholder and officer. Two other individual recipients of loans from the trust were friends and/or business associates of the respondent. Two business entities which received loans drilled and/or operated oil wells for Unioil Corporation. At the time of the loans, the respondent was chairman of the board of Unioil and had a $1,000,000 personal investment therein.

Charge Three alleged that the respondent failed to render appropriate accounts of the funds which he was required to hold as fiduciary. After firing an accounting firm in 1986, the respondent failed to render annual accountings of the trust until he was removed as trustee by court order on February 18, 1988, and directed to account for the funds. The extensive

loans made to the respondent's friends and/or business associates in 1985 were not revealed to the life beneficiary or remainderman of the trust until after the Surrogate's intervention.

Charge Four alleged that the respondent failed to promptly pay over to the lifetime beneficiary of the trust. After making the extensive loans from the trust, there were insufficient funds in the trust to pay out the quarterly interest installments to the widow. Therefore, between March 31, 1986 and December 1987, the respondent issued a series of promissory notes to the widow instead of paying her the cash to which she was entitled.

Charge Five also alleged that the respondent engaged in self-dealing. In December 1985 the respondent invested $61,900 of the trust funds in stocks of Unioil Corporation, of which he was chairman of the board and into which he had personally invested $1,000,000. The Unioil stock was sold in 1987 at a substantial loss to the trust.

Charge Six alleged that the respondent failed to maintain a proper trust account and commingled trust funds with personal funds. When the respondent did not have sufficient funds in the trust account, he and/or his company, W.M.M. Associates, lent moneys to the trust to cover the trust's liabilities. When the trust had liquid assets, the respondent paid himself or his company back.

Charge Seven alleged that the respondent has been guilty of converting trust funds and/or overreaching. On March 26, 1986, the respondent issued a check in the amount of $4,000 from the trust account to one of his personal accounts. He has failed to produce documentation to establish that he was entitled to receive those funds.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained all of the charges of professional misconduct alleged against the respondent. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, we have taken into consideration that the respondent's serious acts of professional misconduct strike at the very heart of the standards by which attorneys are bound. It appears from the tone of the respondent's opposition papers that the respondent perceives nothing wrong with his conduct. Nevertheless, the respondent's conviction of the serious crime

of criminal contempt, his breach of his fiduciary obligations as sole trustee by engaging in self-dealing, by failing to render an accounting upon demand, and by failing to promptly pay over trust funds to the lifetime beneficiary, warrant his disbarment.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William M. Mulderig, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, William M. Mulderig is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.